# NO. 12-19-00168-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LUIS HUMBERTO ESCOBEDO, APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Luis Humberto Escobedo appeals his sentence following the revocation of his community supervision. In one issue, Appellant argues that his sentence is disproportionate to the crime for which he was convicted. We affirm.

## BACKGROUND

Appellant was charged by indictment with manufacture or delivery of a controlled substance in an amount more than one gram but less than four grams, a second degree felony.[1] Pursuant to a plea agreement, Appellant pleaded "guilty" to possession of a controlled substance, a third degree felony,[2] and the trial court placed Appellant on deferred adjudication community supervision for eight years.

In March 2019, the State filed a motion to revoke Appellant's community supervision alleging that Appellant violated certain terms and conditions thereof. Those allegations included an assertion that Appellant committed a new crime. Appellant pleaded "true" to all but one of the allegations in the State's motion. Appellant pleaded "not true" to the allegation that he committed a new criminal offense. Following a hearing, the trial court found the allegations to be "true,"

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (West 2017).

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2017).

revoked Appellant's community supervision, and sentenced him to imprisonment for eight years. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the eight-year sentence imposed by the trial court is grossly disproportionate to the crime committed and amounts to cruel and unusual punishment. "To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of complaint of cruel and unusual punishment under the Texas Constitution because defendant presented his argument for first time on appeal); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (defendant waived complaint that statute violated his rights under the United States Constitution when raised for first time on appeal); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] ... it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."); TEX. R. APP. P. 33.1. A review of the record shows that Appellant lodged no objection to the constitutionality of his sentence at the trial court level, and has, therefore, failed to preserve error for appellate review. *See Kim*, 283 S.W.3d at 475; *see also Rhoades*, 934 S.W.2d at 120; *Curry*, 910 S.W.2d at 497; *Mays*, 285 S.W.3d at 889; TEX. R. APP. P. 33.1.

However, despite Appellant's failure to preserve error, we conclude his sentence does not constitute cruel and unusual punishment. The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–667, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that

punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. Appellant was convicted of possession of a controlled substance in an amount of one gram or more but less than four grams, the punishment range for which is no less than two years but no more than ten years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (a), (c) (West 2017); TEX. PENAL CODE ANN. § 12.34 (West 2019). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant urges the court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle* in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court considered the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined

that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. ***Id.***, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In this case, the offense committed by Appellant—possession of a controlled substance—is no less serious than the combination of offenses committed by the appellant in ***Rummel***, while Appellant's eight-year sentence is far less severe than the life sentence upheld by the Supreme Court in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** is not constitutionally disproportionate, neither is the sentence assessed against Appellant in this case. In his brief, Appellant makes a conclusory statement that his eight-year sentence is grossly disproportionate, stating that other sentences for "more serious possession of a controlled substance" convictions resulted in "significantly" less harsh sentences. However, he cites to no authority to support this contention. *See* TEX. R. APP. P. 38.1(i) ("[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities..."). Because we do not conclude that Appellant's sentence is disproportionate to his crime, we need not apply the remaining elements of the ***Solem*** test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 31, 2019**

**NO. 12-19-00168-CR**

**LUIS HUMBERTO ESCOBEDO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court
of Anderson County, Texas (Tr.Ct.No. 87CR-15-32410)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*